120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilou Ventura CAYABAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71073.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Marilou Ventura Cayaban, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Cayaban contends that the BIA erred by finding that she neither suffered past persecution nor had a well-founded fear of future persecution on account of her political opinion. We disagree.
 
 
 6
 We review the BIA's factual findings underlying the denial of asylum and withholding of deportation for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To obtain reversal of the BIA's decision, the petitioner must show that "the evidence not only supports that conclusion, but compels it." Id. at 481 n. 1.
 
 
 7
 To be eligible for a grant of asylum, the petitioner must show "by credible, direct, and specific evidence in the record", facts supporting a reasonable fear of persecution on account of, among other grounds, her political opinion. See Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc) (citation omitted). Where there is no direct or circumstantial evidence to show that the petitioner was persecuted "on account of" her political opinion, the petitioner is ineligible for asylum. See Sangha v. INS, 103 F.3d 1482, 1490-91 (9th Cir.1997).
 
 
 8
 At the deportation hearing, Cayaban testified that members of the New People's Army (NPA), a guerrilla organization, demanded revolutionary taxes from her family's business. Cayaban testified that she told the guerrillas that her family supported the government and would only pay taxes to the government. Cayaban further testified that one NPA guerrilla returned a week later and fired a shot at her when she again refused to pay the tax. Cayaban fled the country shortly after this incident.
 
 
 9
 The BIA's finding that Cayaban failed to demonstrate past persecution or a well-founded fear of future persecution is supported by substantial evidence. See Elias-Zacarias, 502 U.S. at 481. Cayaban failed to offer any direct or circumstantial evidence that the NPA was motivated by her political opinion, either actual or imputed. See Sangha, 103 F.3d at 1490-91. The guerrillas demanded revolutionary taxes because of Cayaban's family's financial ability, not because of her political views. See id. at 1489 (finding no persecution on account of victim's political beliefs when persecutors acted in furtherance of their own goals); cf. Desir v. Ilchert, 840 F.2d 723, 727-28 (9th Cir.1988) (holding that petitioner's refusal to accede to extortion by government operatives in a political system founded on extortion resulted in imputation of political opinion). Furthermore, Cayaban's parents and siblings continue to reside in the Philippines without incident and her parents continue to operate the business where Cayaban was threatened by the NPA guerrillas. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (finding petitioner's fear of persecution undercut by fact that family continued to live in El Salvador unmolested).
 
 
 10
 Because Cayaban failed to demonstrate past persecution or a well-founded fear of future persecution, she necessarily failed to demonstrate eligibility for withholding of deportation. See Fisher, 79 F.3d at 965.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3